UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN JUNE MCCONER, # 401888,    )
                                 )
                Plaintiff,       )
                                 )        Case No. 1:18-cv-745
v.                               )
                                 )        Honorable Robert J. Jonker
JONATHAN DECKER, D.O., et al.,   )
                                 )
                Defendants.      )
_____)

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Muskegon Correctional Facility. The defendants are Jonathan Decker, D.O., and Dirk Bakker, M.D. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

The matter is before the Court on each of defendants' motions for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a), and on the merits of plaintiff's claims. (ECF No. 13, 19). Plaintiff opposes the motions. (ECF No. 14, 15, 26, 27). Defendants filed reply briefs.[1] (ECF No. 16, 29).

_____

[1] Sur-reply briefs may not be filed without leave of Court. *See* W.D. MICH. LCIvR 7.2(c). Plaintiff's unauthorized sur-reply brief (ECF No. 22) is disregarded.

For the reasons set forth herein, I recommend that the Court grant defendants' motions for summary judgment on the merits (ECF No. 13, 19) and that judgment be entered in defendants' favor on all plaintiff's claims.  I recommend, in the alternative, that the Court grant defendant Decker's motion for summary judgment based affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) (ECF No. 13), but that the Court deny Dr. Bakker's failure-to-exhaust motion (ECF No. 19).

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "[W]here the moving party has the burden – the

plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## <u>Standards Applicable to the Affirmative Defense<br>of Failure to Exhaust Remedies</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion

-4-

is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2]  In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.  *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[2]A copy of the policy directive is found in the record.  (*See* ECF No. 13-5, PageID.154-60).

## Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) during the period at issue. Jonathan Decker, D.O., is a licensed physician and he provided medical care to MCF inmates during the same period. (Decker Aff. ¶¶ 1-2, ECF No. 13-3, PageID.151-52). Dirk Bakker, M.D., is a board-certified orthopedic surgeon licensed to practice in Michigan. He is employed by Orthopaedic Associates of Michigan, PC, in Muskegon, Michigan. He does not have a contract with the MDOC and he does not treat patients at MCF. (Bakker Aff. ¶¶ 1-2, ECF No. 19-2, PageID.219).

A.    Medical Care

On February 21, 2017, plaintiff related to Dr. Decker that he was experiencing right shoulder pain and tenderness. Dr. Decker noted that plaintiff had tenderness in the AC joint with mild pain. He prescribed Naprosyn and planned to administer a cortisone injection in approximately three to four weeks. (ECF No. 13-2, PageID.64-66; Decker Aff. ¶ 3, PageID.151). Plaintiff reported that Naprosyn and two earlier injections failed to provide adequate pain relief. (Plf. Decl. ¶ 5, ECF No. 15, PageID.170).

On April 5, 2017, Dr. Decker administered a cortisone injection. Dr. Decker was not involved in plaintiff's medical care after April 5, 2017. (ECF No. 13-2, PageID.67-68; Decker Aff. ¶¶ 4-5, PageID.151). The treatment that Dr. Decker provided was, in his professional medical opinion, appropriate. (Decker Aff. ¶ 6, PageID.151).

Dr. Bakker saw plaintiff on one occasion:  February 14, 2018.  Plaintiff was transported from MCF to Dr. Bakker's office.  Plaintiff complained of right shoulder pain.  Dr. Bakker reviewed plaintiff's medical history and the results of recent x-rays and an MRI, and he offered a diagnosis of "primary arthritis in [the] right shoulder." (ECF No. 13-2, PageID.120-21; Bakker Aff. ¶ 3, PageID.219).    Dr. Bakker recommended "conservative treatment with NSAIDS, Tylenol, arthritis creams, ice and heat p.r.n."  (Bakker Aff. ¶ 3, PageID.219).  The conservative treatment did not require a prescription.  During a discussion of treatment options, plaintiff asked if he was a candidate for shoulder replacement surgery.  Dr. Bakker did not recommend shoulder replacement.  Shoulder replacement surgeries are not normally indicated or recommended for patients of plaintiff's age.  Shoulder replacement surgery normally lasts fifteen to twenty years, and given plaintiff's relatively young age, there was a high likelihood that he would need a repeat shoulder replacement surgery.  Such surgeries tend to be "problematic, less helpful, and more risky."  (*Id.* at ¶ 3, PageID.219-20).    Further, Dr. Bakker did not recommend arthroscopy or other surgery because, in his medical opinion, plaintiff was not likely to benefit from such surgery.  (*Id.*).  The medical care provided by Dr. Bakker was determined by his training, experience, and independent medical judgment.  (*Id.* at ¶ 4, PageID.220). In Dr. Bakker's professional judgment, the medical care that he provided was appropriate.  (*Id.* at ¶ 5, PageID.220).

On November 14, 2018, plaintiff was transported outside MCF for an evaluation of his right shoulder by another surgeon. This surgeon's diagnosis was the same as Dr. Bakker's and he did not recommend surgical intervention. (ECF No. 29-2, PageID.280-82).

B.    Grievance

MDOC records show that plaintiff did not pursue a grievance against either defendant through a Step III decision before he filed this lawsuit. (ECF No. 13-4, PageID.153).

Plaintiff disputes those records. He claims that he filed a Step I grievance against Dr. Bakker on February 14, 2018, and that it was ignored. On April 17, 2018, he filed a Step II appeal complaining that Dr. Bakker provided inadequate treatment and failed to schedule shoulder surgery in accordance with plaintiff's request. On May 18, 2018, plaintiff filed his Step III appeal and he did not receive a response. (ECF No. 14-1, PageID.168; Plf. Decl. ¶ 9, PageID.171).

## Discussion

## I.    Private Actor

Dr. Bakker argues that he is entitled to summary judgment on plaintiff's claim because he was not a state actor. (Def. Brief, 6-8, ECF No. 19, PageID.202-04; Reply Brief, 1-3, ECF No. 29, PageID.259-61). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To constitute state

action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 49 (citation and quotations omitted).  The relevant standard for determining whether Dr. Bakker acted under color of state law focuses on "the relationship among the State, the physician and the prisoner." *Id.* at 56.

Dr. Bakker examined plaintiff on one occasion at his office, not MCF.  He did not have a contract with the MDOC.  He had no relationship with the State of Michigan beyond being a practicing surgeon in the vicinity of the prison where plaintiff was incarcerated.  Dr. Bakker did not act under color of state law. *See Scott v Ambani*, 577 F.3d 642, 649 (6th Cir. 2009); *see also Raper v. Cotroneo*, No. 1:17-cv-368, 2017 WL 4173507, at *3 (W.D. Mich. Sept. 21, 2017) (dismissing prisoner's complaint under section 1983 for failure to state a claim because the surgeon who had performed two surgeries on the plaintiff at a local hospital was not a state actor).  I find that Dr. Bakker is entitled to judgment in his favor as a matter of law on plaintiff's claim against him.

## II.    **Eighth Amendment**

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 104-05.  In judging the sufficiency of "deliberate

indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard:  a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component).  501 U.S. at 298.  "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence."  *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness.  An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]"  *Id.* at 837.  "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful."  *Rhinehart v. Scutt*, 894 F.3d at 738.  The judgments of medical professionals are entitled to deference.  *Id.*  The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth

Amendment medical needs claim:  The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm."  *Id.*  (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  The prison official's state of mind must evince deliberateness tantamount to intent to punish.  Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.  Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation.  Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d at 740 (citations and quotations omitted).  "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment."  *Id.* at 744.  Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law.  *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs.  The record shows that Dr. Decker and Dr. Bakker displayed no

deliberate indifference.  The claims that defendants "should have" provided him with "different" medical care are, at best, state-law malpractice claims.

## III.    Exhaustion

Alternatively, defendants seek summary judgment based on the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them, as required by 42 U.S.C. § 1997e(a).

Plaintiff argues that he exhausted his claims against Dr. Decker because he filed a grievance on February 14, 2018, and he did not receive a response at any step of the MDOC's review process.  (Plf. Brief, 4, ECF No. 14, PageID.164).  Plaintiff's grievance was against Dr. Bakker for perceived deficiencies in the care that plaintiff received on February 14, 2018.  It was not a grievance against Dr. Decker.  I find that plaintiff did not properly exhaust any claim against Dr. Decker.

Plaintiff argues that Dr. Bakker's motion for summary judgment should be denied because the statutory exhaustion requirement is "inapplicable."  (Plf. Brief, 5, ECF No. 26, PageID.246).    The statutory exhaustion requirement applies.  Exhaustion is mandatory.  *Woodford*, 548 U.S. at 85.  "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.

Plaintiff was only required to exhaust his "available" administrative remedies, *Ross v. Blake*, 136 S. Ct. 1850, 1856-62 (2016).  He argues that his unprocessed grievance against and the related unprocessed appeals were adequate to exhaust his claim against Dr. Bakker because the grievance process was unavailable.  (Plf. Brief, 3-4, PageID.244-45).

Dr. Bakker argues that plaintiff's grievance was untimely. (Reply Brief, 3-4, ECF No. 29, PageID.261-62). Exhaustion analysis is patterned after habeas corpus procedural default analysis. The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also Reynolds-Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in [a] habeas [case.]"). Here, there is no Step III decision rejecting plaintiff's grievance because it was untimely. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; *see also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy."). I find that Dr. Bakker did not present sufficient evidence to establish his entitlement to summary judgment based on the affirmative defense of plaintiff's failure to exhaust his available administrative remedies.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motions for summary judgment on the merits (ECF No. 13, 19) and that judgment be entered in both defendants' favor on all plaintiff's claims.  I recommend, on an alternative basis, that the Court grant Dr. Decker's motion for summary judgment based affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) (ECF No. 13), but that the Court deny Dr. Bakker's motion to the extent it seeks dismissal for failure to exhaust administrative remedies (ECF No. 19).

Dated:   August 1, 2019                                    /s/  Phillip J. Green
                                                                       PHILLIP J. GREEN
                                                                       United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, Nos. 17-1993/2039, __ F. 3d __, 2019 WL 2710236, at *6 (6th Cir. June 28, 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).